IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Nos. 08-168-2 & 09-91 |
| ) | |
| RODNEY THOMPSON ) | |

OPINION

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Document No. 813 at Criminal No. 08-168-2; Document No. 22 at Criminal No. 09-91) filed by Rodney Thompson ("petitioner"). Because it is untimely, and there are no grounds for tolling of the limitation period, petitioner's motion will be dismissed.[1]

On April 15, 2008, a grand jury returned a five-count indictment at Criminal No. 08-168 charging petitioner and 14 others at Count One with conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin in violation of 21 U.S.C. § 846.[2] On March 17, 2009, the government filed an information pursuant to 21 U.S.C. §851 charging that defendant had been convicted of a prior felony drug offense (possession with intent to distribute cocaine) in the Allegheny County Court of Common Pleas on October 6, 1989.

---

[1] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See United States v. Nahodil, 36 F.3d. 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In this case, for the reasons set forth in this opinion, the record affirmatively establishes as a matter of law that petitioner's §2255 motion is untimely. Petitioner's "motion for summary judgment" also will be denied. See In re Rodriguez, 433 Fed. Appx. 72, 73 (3d Cir. 2011).

[2] Petitioner was charged at Count One only and was not named in the other four counts of the indictment.

Following the filing of the §851 information on the morning of March 17, 2009, petitioner appeared before this court that afternoon and changed his plea to guilty at Count One at Criminal No. 08-168 pursuant to a written plea agreement. At that same hearing, and pursuant to the same plea agreement, petitioner also waived his right to indictment and pled guilty to a one-count information at Criminal No. 09-91 charging him with conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h).

Under the terms of the plea agreement, petitioner waived his right to take a direct appeal from his conviction or sentence, subject to several enumerated exceptions, and further waived his right to file a §2255 motion or any other collateral proceeding attacking his conviction or sentence. Plea Agreement, ¶A15. The plea agreement also contained a provision expressly recognizing the government's right to file an information pursuant to 21 U.S.C. §851 stating petitioner's one prior conviction as a basis for increased punishment. Id. at ¶B6. However, the agreement further provided that: "[a]t the time of sentencing ... or within 1 year of the imposition of sentence ... the United States Attorney may, in her discretion, file a motion pursuant to §5K1.1 of the Sentencing Guidelines ... or under Rule 35(b), Federal Rules of Criminal Procedure." Plea Agreement, ¶B5.

In accordance with the terms of the plea agreement, the government filed a motion pursuant to §5K1.1 of the United States Sentencing Guidelines on August 25, 2009. At a sentencing hearing held that same day, the government's motion was granted and petitioner was sentenced to a term of imprisonment of 120 months at each of Count One of the Indictment at Criminal No. 08-168 and Count One of the Information at Criminal No. 09-91, to be served concurrently, to be followed by a term of supervised release of 5 years at Count One at Criminal No. 08-168 and 3 years at Count

One at Criminal No. 09-91, to be served concurrently.³ Petitioner did not file a direct appeal from his judgment of conviction and sentence.

On October 5, 2012, notwithstanding the condition of his plea agreement waiving the right, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255,⁴ alleging "ineffective assistance of counsel and prosecutorial misconduct" during the "plea bargaining process." After receipt of this court's notice pursuant to United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) advising him that he must bring all claims in a single motion, petitioner reported that he wished to have his petition adjudicated as filed. The government filed a response and petitioner filed a reply. Upon consideration of petitioner's motion and brief, the government's response, petitioner's reply and the record as a whole, this court finds that petitioner's motion is untimely and that there is no basis for tolling of the applicable one-year limitation period.

Section 2255 motions are subject to a one-year period of limitation established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999). Generally, the limitation period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1).

---

³ Pursuant to 18 U.S.C. §3553(e), the granting of the government's motion pursuant to U.S.S.G. §5K1.1 permitted the court to sentence defendant to a term of imprisonment of 120 months, far below the statutory mandatory minimum sentence of *not less than* 20 years otherwise required under 21 U.S.C. §846 & 841(a)(1) and (b)(1)(A) in light of the §851 information the government filed stating petitioner's prior felony drug offense. Moreover, not only did petitioner receive a 50% reduction from the statutory mandatory minimum sentence, he also received a downward variance from the applicable advisory guideline sentencing range of 135 to 168 months.

⁴ 28 U.S.C. §2255 grants a federal prisoner an opportunity to move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under §2255 is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F.Supp. 337, 339 (E.D.Pa. 1997) (*citing* Hill v. United States, 368 U.S. 424, 428 (1962)).

Here, petitioner was sentenced on June 17, 2009, and he did not file a direct appeal. Accordingly, his conviction became final when the time period for filing a notice of appeal expired on July 1, 2009. See, United States v. Delgado, 363 Fed. Appx. 853, 854 (3d Cir. 2010); F.R.A.P. 4(b)(1)(A). The AEDPA's one-year limitation period for filing a §2255 motion therefore expired on July 1, 2010. However, petitioner did not file his pending §2255 petition until October 5, 2012, more than 2 years and 3 months after the expiration of the limitation period. Accordingly, absent a basis for tolling of the limitation period, petitioner's motion clearly is time-barred under §2255(f).

Petitioner acknowledges that his motion was not filed within one year of the date his conviction became final but instead argues that he is entitled to tolling of the limitation period under 28 U.S.C. §2255(f)(3),[5] which extends the limitation period from the date on which the judgment of conviction becomes final to the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner alleges that the right that he is asserting - the right to effective assistance of counsel during plea bargaining - was "initially recognized" by the Supreme Court on March 21, 2012, in the cases of Lafler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376 (2012) and Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399 (2012), and that he therefore had one year from that date to file his motion. Petitioner's argument is without merit.

---

[5] The AEDPA provides three enumerated bases for tolling of the one-year limitation period beyond the date on which the judgment of conviction becomes final. 28 U.S.C. §2255(f)(2)-(4). Here, petitioner seeks tolling solely under §2255(f)(3) and he does not allege, nor can the court discern, any basis for tolling under the other two enumerated statutory bases, as there is nothing in the record suggesting either an impediment created by governmental action in violation of the Constitution or laws of the United States or new facts supporting the claim that could not have been discovered through due diligence prior to the expiration of the limitation period.

Contrary to petitioner's assertion, the right to effective assistance of counsel during plea bargaining was not "newly recognized" in either Lafler or Frye. In fact, the right to effective assistance of competent counsel during plea negotiations was recognized as far back as 1970 in McMann v. Richardson, 397 U.S. 759 (1970). Fifteen years later, in Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel" and that in the context of a guilty plea, the prejudice prong of that test can be met by a showing that, but for counsel's errors, petitioner would have proceeded to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985).[6] In addition, in Padilla v. Kentucky, _ U.S. _, 130 S.Ct. 1473, 1486 (2010), the Supreme Court again made clear that "the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel."

Accordingly, rather than "creating" a newly recognized right to the "effective assistance of counsel during the plea bargaining process," both Lafler and Frye merely applied the long-standing test for ineffective assistance of counsel that was adopted in Strickland, and subsequently held in Hill and Padilla to govern claims of ineffective assistance during the critical plea bargaining phase, to different legal questions. Unlike Hill and Padilla, in which the defendants alleged that their counsel provided incorrect legal advice resulting in their *acceptance* of unfavorable plea agreements, the defendant in Lafler alleged that ineffective assistance of counsel caused him to *reject* a favorable plea offer leading to a conviction following a trial and a significantly higher sentence than had been offered in the rejected plea, while the defendant in Frye alleged ineffective assistance where his counsel failed to inform him of a favorable plea offer, which subsequently

---

[6] Under the Strickland test, in order to establish constitutionally ineffective assistance of counsel, a defendant must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

lapsed, resulting in the defendant ultimately accepting a less favorable plea deal.

Although the Court of Appeals for the Third Circuit has not yet addressed this issue, every appellate court that has considered it has concluded, without exception, that neither Lafler nor Frye recognized a new right "made retroactively applicable to cases on collateral review" for purposes of §2255(f)(3). See In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 880 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); United States v. Lawton, 506 Fed.Appx. 722, 725-26 (10th Cir. 2012); see also Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013)(Lafler and Frye analysis consistent with prior precedent and did not announce a new rule of constitutional law such that would permit the filing of a successive §2255 motion). Likewise, several courts within the Third Circuit also have held that Lafler and Frye did not initially recognize a new right retroactively applicable to cases on collateral review which would permit tolling of the limitation period under §2255(f)(3). See Sayles v. United States, 2013 WL 4523593 (W.D.Pa., Aug. 27, 2013)(J. Conti); Cole v. United States, 2013 WL 3989069 (W.D.Pa., Aug. 2, 2013)(J. Conti); United States v. Denson, 2013 WL 588509 (W.D.Pa, Feb. 11, 2013)(J. McVerry).

Moreover, even if Lafler and Frye had initially recognized a new right made retroactively applicable to petitioner's case, petitioner would receive no benefit from those decisions. Petitioner is not alleging here either that his defense counsel failed to inform him of a favorable plea offer that subsequently lapsed, as in Frye, or that his counsel provided incorrect legal advice that resulted in petitioner rejecting a favorable plea offer, as in Lafler. Instead, petitioner alleges that his counsel provided "bad advice" that caused him to accept a plea offer instead of proceeding to trial. Accordingly, petitioner's claim falls squarely within the realm of Hill and Padilla, not Lafler or Frye. See Keith v. Pennsylvania, 484 Fed.Appx. 694, 698 n. 3 (3d Cir. 2012)(Lafler inapplicable

where defendant contended he was prejudiced by accepting a plea offer and foregoing trial).

Because neither Lafler nor Frye initially recognized a new right made retroactively applicable on collateral review, nor is either factually applicable to petitioner's case, petitioner is not entitled to statutory tolling of the one-year limitation period under §2255(f)(3). As petitioner has not advanced, and the record does not support, any other basis for tolling,[7] petitioner's one-year period for filing a §2255 motion expired on July 1, 2010. Accordingly, petitioner's motion, filed well over two years beyond the expiration of the limitation period, is untimely and will be dismissed.[8]

Alternatively, even if petitioner's motion had been timely, he still would not be entitled to any relief under §2255 because he knowingly and voluntarily waived his right to file a §2255 motion. The Court of Appeals for the Third Circuit has recognized that a defendant's waiver of his right to file a §2255 motion or other collateral proceeding attacking his conviction and sentence is enforceable "provided that [it is] entered into knowingly and voluntarily and [its] enforcement

---

[7] Although petitioner did not raise the issue of equitable tolling, the record is clear there is no basis for such tolling in this case. Generally, a petitioner is entitled to equitable tolling of the AEDPA's one-year limitation period if he can show: (1) that some extraordinary circumstance stood in his way and prevented timely filing; and, (2) that he had been pursuing his rights diligently. Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012). This conjunctive standard requires a showing of both elements before equitable tolling will be permitted. Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012). Here, petitioner does not allege, nor does the record support, a finding that either element is met. There is no evidence that anything prevented plaintiff from timely filing a §2255 motion or that he diligently pursued his right to file such a motion. To the contrary, petitioner states in his brief that "he always knew ... he would collaterally attack his adversary" and that the "time [had] come" to do so. However, that time passed on July 1, 2010.

[8] In Schlup v. Delo, 513 U.S. 298, 315 (1995), the United States Supreme Court recognized that a claim of actual innocence based on new evidence may act "as a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." While Schlup applies to procedurally defaulted claims, in McQuiggan v. Perkins, __ U.S. __, 133 S.Ct. 1924 (2013), the Supreme Court made clear that an actual innocence claim also may serve as a gateway through which a petitioner can have time-barred constitutional claims considered on the merits. Here, petitioner has not raised a claim of actual innocence nor has he presented any new evidence which might support such a claim. To the contrary petitioner states in his brief "[a] crime was indeed committed here, just not one of the magnitude perceived by an over zealous prosecutor." (Document No. 813 at 12).

does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Applying this standard, petitioner's waiver of his collateral attack rights in this case would be valid and enforceable even against a timely-filed §2255 motion.

Petitioner and the United States Attorney for the Western District of Pennsylvania entered into a negotiated plea agreement which contained a broad provision waiving petitioner's collateral attack rights. This waiver provision explicitly provides:

> "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

Plea Agreement, ¶A15.

First, the record establishes that petitioner's waiver of his collateral attack rights was knowing and voluntary. Because there is no evidence that petitioner was misled into waiving his collateral attack rights, the court may determine whether the waiver was knowing and voluntary merely by looking to the written plea agreement itself as well as to the change of plea colloquy. Mabry, 536 F.3d at 238.

Looking initially to the written plea agreement itself, petitioner's collateral attack waiver is set forth explicitly in that agreement, is extremely broad and, unlike the direct appeal waiver contained in that same agreement, which preserved petitioner's right to take a direct appeal under certain enumerated circumstances, contains no exceptions. Plea Agreement, ¶A15.

Moreover, a review of the plea colloquy establishes that petitioner plainly understood the waiver. Whether a defendant knowingly and voluntarily enters into a plea agreement containing a waiver turns on whether "the district court inform[ed] the defendant of, and determine[d] that the defendant underst[ood] the terms of any plea agreement provisions waiving the right ... to collaterally attack the sentence as Federal Rule Criminal Procedure 11(b)(1)(N) requires." Mabry,

AO 72
(Rev. 8/82)

536 F.3d at 239. Here, the record demonstrates that the court adhered to Fed.R.Crim.P. 11(b)(1)(N) and that petitioner adequately was informed that he was waiving his collateral attack rights and that he understood that he was doing so.

At the plea hearing, petitioner, under oath, acknowledged his signature on the plea letter, confirmed that he had read it and had discussed it with his attorney and affirmed that he had signed it voluntarily. Plea Transcript at 37. The government summarized the plea agreement and reviewed all its terms, including the collateral attack waiver provision, noting that petitioner "waives his right to file a motion to vacate sentence under Title 28 United States Code Section 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Id. at 31.

Then, as required by Fed.R.Crim.P. 11(b)(1)(N),[9] the court specifically emphasized petitioner's waiver of his collateral attack rights, informing petitioner again that he was "waiv[ing] your right to file a post-trial or post-sentence motion to vacate your sentence on ... certain constitutional grounds *including the ineffective assistance of counsel*." Plea Transcript at 32 (emphasis added). When the court inquired whether petitioner understood that he was waiving those rights, petitioner responded, "Yes." Id.

Thus, the record in this case establishes conclusively that petitioner was informed that by pleading guilty he was giving up his right to file a §2255 motion and that he clearly understood that he was waiving that right. Accordingly, the court is satisfied that petitioner's waiver of his right to file such a motion was made knowingly and voluntarily.

---

[9] Federal Rule of Criminal Procedure 11(b)(1)(N) requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving his right to appeal and to collaterally attack his sentence.

Having determined that petitioner's waiver was knowing and voluntary, the court next must consider whether enforcement of that waiver, even if knowing and voluntary, would work a miscarriage of justice. Mabry, 536 F.3d at 237. While "a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice based on the record evidence before it," Id. at 237-38, the miscarriage of justice exception is to be applied "sparingly and without undue generosity." United States v. Delbridge, 504 Fed.Appx. 145, 150 (3d Cir. 2012); United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005).

"'In considering whether enforcing a waiver would result in a miscarriage of justice, we take into account "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" Mabry, 536 F.3d at 242–43 (quoting United States v. Teeter, 257 F.3d 14, 25–26 (1st Cir.2001)). This court is to use a common sense approach and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 243.

Utilizing this common sense approach, this court is satisfied that the enforcement of petitioner's knowing and voluntary waiver in this case would not work a miscarriage of justice. First, enforcement of the collateral attack waiver here would not bar petitioner from pursuing relief on any grounds expressly preserved in the plea agreement, as the collateral attack waiver agreed to by petitioner was broad and contained no exceptions. Plea Agreement, ¶A15; see, United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007).

Moreover, petitioner has not identified "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243. Rather, it is clear that all of the claims that petitioner seeks to raise in his §2255 motion are encompassed by the broad waiver of his collateral attack rights and otherwise are not substantial. See Mabry, 536 F.3d at 243. In fact, even a cursory review of petitioner's asserted claims demonstrates that he cannot establish any clear or grave error that would result in manifest injustice if his collateral attack waiver would be enforced.

Petitioner's primary claim is that his counsel provided ineffective assistance during plea bargaining by providing him with "bad advice." Specifically, petitioner alleges, *inter alia*, that his counsel improperly advised him to plead guilty to the money laundering information, failed to challenge the "improper" filing of a §851 information and failed to challenge an "improper" 2-level enhancement under the United States Sentencing Guidelines for possession of a firearm in connection with a drug offense.[10]

---

[10] There is no support whatsoever in the record for petitioner's allegation that the government committed "prosecutorial misconduct" in plea bargaining. Petitioner alludes to the "one-sided" plea agreement and suggests the government was "over-zealous" in filing both the money laundering information and the §851 information. However, the factual basis underlying the money laundering count was presented on the record at the change of plea hearing and, after having heard the government's summation of that evidence, petitioner stated under oath that it was accurate as it pertained to him, and the court found the factual basis adequate to support petitioner's plea to that count. Plea Transcript at 42-43. Likewise, the §851 information properly was filed as petitioner previously had been convicted of a prior felony drug offense, and, contrary to petitioner's argument, there is no requirement that the prior offense be for a "serious" drug offense, nor is there a time limit as to what convictions can be considered under 21 U.S.C. §851. Petitioner's allegation that some unidentified agent promised petitioner a five-year sentence is unsupported by any evidence and belied by petitioner's response of "no" to the court's question at the plea hearing: "have any other threats or promises other than those contained in [the plea bargain letter] been made to you by anybody purporting to act on behalf of the Federal Government?" Plea Transcript at 29. The other "ancillary arguments" raised by petitioner in his brief, *i.e.*, that he was entitled to the application of the "safety valve", that the court improperly allowed his counsel to speak before petitioner at sentencing, and that his sentence violates the Eighth Amendment, all are frivolous and require no additional discussion.

Under the <u>Strickland</u> test, in order to establish constitutionally ineffective assistance of counsel, a defendant must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and, (2) that the deficient performance actually prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. at 687. Here, even were the court to accept defendant's unsubstantiated allegations of deficient performance under the first <u>Strickland</u> prong,[11] petitioner nevertheless would not unable to establish prejudice.

Under <u>Hill</u>, in the context of a guilty plea, the prejudice prong of the <u>Strickland</u> test can be met by a showing that, but for counsel's errors, petitioner would have proceeded to trial instead of pleading guilty. <u>Hill v. Lockhart</u>, 474 at 56-59. Petitioner could make no such showing here. In fact, although petitioner states at one point that but for his counsel's errors he "*might* never have pled guilty and *might* have insisted on going to trial" (Document No. 813 at 18), he nevertheless makes clear that the relief that he is seeking is a "'do-over' of his entire plea agreement or a remand .... for resentencing," (Document No. 813 at 6-7), and that his interest is not "to have the court re-try the case, with the focus on guilt or innocence." <u>Id.</u> at 12. Thus, it is clear from the record that petitioner does not want to lose the substantial benefits he already has gained from pleading guilty, but instead seeks to maintain those benefits while attempting to secure even more through a renegotiation of what he hopes could be an even more generous plea deal.

As petitioner has failed to identify any nonfrivolous ground, not covered by the waiver, for a collateral attack," <u>Mabry</u>, 536 F.2d at 243, the court is satisfied that enforcement of petitioner's

---

[11] As discussed in note 10, the factual basis presented by the government and acknowledged by petitioner at the change of plea hearing was adequate to support a conviction for money laundering under 18 U.S.C. §1956(h), and petitioner's previous conviction for a felony drug offense supported the filing of the §851 information. Moreover, the two-level enhancement under U.S.S.G. §2D1.1(b)(1) properly was applied because petitioner possessed a firearm in connection with the drug offense and petitioner acknowledges in his brief in support of his §2255 motion that the firearm at issue was seized from the glove compartment of his vehicle along with heroin. (Document No. 813 at 28). Accordingly, the decision of petitioner's counsel not to raise these meritless objections was not deficient performance.

collateral attack waiver would not give rise to a miscarriage of justice in this case. Thus, because petitioner knowingly and voluntarily agreed to waive his right to file a motion to vacate under §2255 or any other collateral proceeding attacking his conviction or sentence, and the enforcement of that waiver would not work a miscarriage of justice, petitioner's waiver of his collateral attack rights would be enforceable even had his motion been timely filed.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered, a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause).

Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, the court denies relief on procedural grounds, a petitioner is entitled to a certificate of appealability only if he can demonstrate both that jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right and that jurists of reason would find it debatable whether the court is correct in its procedural ruling. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000); Bivings v. Wakefield, 316 Fed. Appx. 177, 179 (3d Cir. 2009). The court is satisfied that no reasonable jurist would argue in this case that petitioner's motion is not time barred, or that his waiver of his collateral attack rights would not be enforceable, for the reasons outlined above. Slack, 529 U.S. at 484. Nor is it reasonably debatable that petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court believes that a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

An appropriate order will follow.

Date: November 13, 2013         /s/ Gustave Diamond
                                Gustave Diamond
                                United States District Judge

cc:   Leo M. Dillon
      Assistant U.S. Attorney

      Rodney Thompson